## 9897

### FULMER v. WESTERN UNION TELEGRAPH CO.

(95 S. E. 179.)

TELEGRAPHS AND TELEPHONES—NEGLIGENCE IN TRANSMISSION OF TELEGRAM—DAMAGES—INSUFFICIENCY OF EVIDENCE.—In an action against a telegraph company for damages for negligence in the transmission of a telegram, evidence *held* insufficient to show that any loss was occasioned plaintiff by the change in the message.

Before MAULDIN, J., Richland, Spring term, 1916. Reversed.

Action by C. S. Fulmer against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Nelson & Gettys,* for appellant, cite: *As to punitive damages:* 82 S. C. 87; 83 S. C. 22.

*Messrs. Cooper & Cooper,* for respondent.

January 29, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action in a magistrate's Court for damages for negligence in the transmission of a telegram. The plaintiff mortgaged certain live stock to J. H. and W. B. Wise. The mortgage was past due, and on February 22, 1915, the mortgagees mailed a letter to the plaintiff, offering to extend the time of payment if the plaintiff would pay one-half of the debt. This letter was mailed at Little Mountain at 10 a. m., and received in Columbia at 10:30 p. m., of the same day. On that day one C. S. Fuller wired to the postmaster at Columbia to forward his mail to Orangeburg. The signature of this telegram was changed in transmission to C. S. Fulmer. Mr. Fulmer's letter went to Orangeburg and was returned, but did not reach the plaintiff until February 26th. The plaintiff claims that the delay caused him to miss the opportunity to borrow from a Mrs. Campbell the money to save his stock.

At the close of the testimony the defendant moved for a nonsuit or directed verdict, on the ground that there was no evidence of any damage by reason of the delay. The magistrate refused the motion, and gave judgment for the plaintiff for $75. The defendant appealed to the Circuit Court. The Circuit Court affirmed the judgment of the magistrate, and from that judgment this appeal was taken.

There are eight exceptions, but only two questions:

1. Was there any evidence that the plaintiff was injured by the delay in the receipt of his letter? There is none. The letter was directed to C. S. Fulmer, Columbia, S. C., R. F. D. It reached Columbia at 1:30 p. m., on February 22d. This was a legal holiday. The case shows:

"That the letter in question was addressed R. F. D. and would have been sent out on the rural route; that on February 22, 1915, mail was not sent out on rural routes, as that was a holiday, but parties could call at the postoffice and receive mail, and the postoffice was open for that purpose from 9 a. m., to 10 a. m.; that the letter in question could not have been delivered on February 22d in any event."

There was some little conflict as to whether the rural carrier went out on the 22d, but no intimation that this letter could have been delivered on the 22d.

The plaintiff testified: "Q. Did she (Mrs. Campbell) have the money ready to give you on the 22d of February? A. No, sir. Q. She did not have it then? A. No, sir; not on that day. Q. When did she have it? A. Up until that day."

So, if the telegram had not misled the postoffice officials, the money was not available on or after the 22d. The alleged injury was in the failure to get the money from Mrs. Campbell. There was an utter failure to show any loss occasioned by the telegram.

2. There was no testimony upon which to base punitive damages.

The judgment is reversed.